**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SCOTT CHALMERS,

    Plaintiff,                                          Case No. 12-10903
                                                                        Honorable Denise Page Hood

v.

JP MORGAN CHASE BANK, NA

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS**

**I.    BACKGROUND**

On February 8, 2012, Defendants JP Morgan Chase Bank, NA ("JP Morgan Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association ("FNMA") (collectively "Defendants") removed to this Court the Complaint filed by Plaintiff Scott Chalmers ("Chalmers") before the Wayne County Circuit Court, State of Michigan. Chalmers alleges claims of: Breach of Contract (Count I); Innocent Misrepresentation (Count II); Silent Misrepresentation (Count III); and Injunctive Relief (Count IV).

Chalmers is the owner and resident of property commonly known as 22444 Outer Drive, Dearborn, MI 48124. (Comp., ¶ 8) Chalmers executed a note and mortgage on the subject property to MERS dated November 2, 2007. (Comp., ¶ 9) The mortgage was assigned to JP Morgan Chase on March 11, 2010. (Comp., ¶ 11) The monthly payment, including principal, interest, taxes and insurance was $946.25. (Comp., ¶ 12) Chalmers missed the monthly payment for November 2009. (Comp., ¶ 13) Chalmers made a payment in December 2009. (Comp., ¶ 14) Chalmers missed his

monthly payments for January and February 2010. (Comp., ¶ 16) Chalmers mailed a payment for the missed payments in addition to the March 2010 payment to JP Morgan Chase in March 2010. (Comp., ¶ 16) JP Morgan Chase refused this payment and returned the payment to Chalmers. (Comp., ¶ 17) JP Morgan Chase instructed Chalmers to contact the Chase Fulfillment Center in an attempt to refinance his home which Chalmers did on numerous occasions between March and July 2010. (Comp., ¶¶ 18-19) Chalmers claims JP Morgan Chase refused to accept payments from Chalmers during this period of time. (Comp., ¶ 20)

Chalmers received a letter from Trott & Trott dated July 14, 2010 stating that he must pay $9,244.51 to bring his loan current. (Comp., ¶ 21) Chalmers claims he was able to pay this amount at that time. (Comp., ¶ 22) Chalmers contacted JP Morgan Chase to verify that Trott & Trott was affiliated with JP Morgan Chase. (Comp., ¶ 24) JP Morgan Chase instructed Chalmers not to communicate with Trott & Trott regarding his mortgage and note but to continue contacting JP Morgan Chase directly, which Chalmers did. (Comp., ¶¶ 25-26) Chalmers asserts he repeatedly supplied JP Morgan Chase documents it required to consider him for a modification or other loan assistance, but JP Morgan Chase repeatedly lost this information. (Comp., ¶¶ 27-28) Chalmers claims during this period JP Morgan Chase continued to refuse payment from Chalmers. (Comp., ¶ 29)

In a letter dated April 27, 2011, JP Morgan Chase informed Chalmers that he did not qualify for any assistance programs. (Comp., ¶ 30) Chalmers received little to no communication from JP Morgan Chase following this denial. (Comp., ¶ 31) The property was sold at a foreclosure sale on May 11, 2011 and JP Morgan Chase was the purchaser. (Comp., ¶¶ 32-33) The property was transferred to FNMA in a quit claim deed dated September 30, 2011. (Comp., ¶ 34) Eviction

proceedings commenced on December 9, 2011 before the 19th District Court in Dearborn, Michigan. (Comp., ¶ 35)  FNMA received a Judgment for Possession and an Order of Eviction for February 15, 2012.  (Comp., ¶ 36)

This matter is before the Court on all three Defendants' Motion to Dismiss.  Defendants move to dismiss the action based on lack of standing or subject matter jurisdiction under Rule 12(b)(1), failure to state a claim upon which relief may be granted under Rule 12(b)(6) and failure to specifically allege the elements of fraud under Rule 9(b).  A response and reply have been filed.

## II.    ANALYSIS

### A.    Standard of Review

Rule 12(b)(1) of the Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1).  Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. S*ee, RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996).  A facial attack challenges the pleading itself.  In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in light most favorable to the non-moving party.  *Id.*  Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.*  In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic*

3

*Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders,

items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

**B.     Standing**

Defendants argue that Chalmers does not have standing to challenge the foreclosure sale because he no longer has a legal interest in the property after the expiration of the redemption period on November 11, 2011. Chalmers responds that he is alleging a breach of contract claim, along with misrepresentation claims against Defendants and that his Complaint is not simply one for wrongful foreclosure. Chalmers argues that because of JP Morgan Chase's refusal to accept his payments as required under the contract, and JP Morgan Chase's misrepresentations that Chalmers should not contact Trott & Trott, Chalmers was injured in that his house was foreclosed upon.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has

expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished); *Awad v. GMAC,* 2012 WL 1415166 (Mich. App. 2012)(unpublished). Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1.

A review of Chalmers' Complaint shows that he is not necessarily challenging the foreclosure proceedings. Chalmers alleges claims of breach of contract and misrepresentations by JP Morgan Chase. Chalmers does not assert claims under Michigan's foreclosure statutes. The *Overton* opinion and its progeny hold that once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Overton, supra.* These cases challenge whether Michigan's foreclosure statutes were followed. Chalmers' requested relief for the breach of contract and misrepresentation claims include monetary damages *or* as alternative relief, for an order setting aside the foreclosure sale. It is not until the causes of action are resolved that the Court needs to consider the relief requested.

Applying the three elements to establish standing to Chalmers' breach of contract and misrepresentation claims, the Court finds he has met the elements. Chalmers has alleged he suffered an injury in fact due to the foreclosure of his home, by losing his home. Chalmers has sufficiently alleged that the injury was caused by JP Morgan Chases' conduct, specifically by failing to accept his payments and by its misrepresentations including that Chalmers not to communicate with Trott & Trott. Chalmers has also sufficiently alleged that the injury will be redressed if Chalmers were

to obtain a favorable decision by way of monetary damages or alternatively, injunctive relief. Defendants' Motion to Dismiss based on standing should be denied.

**C.      Laches**

Defendants move to dismiss the Complaint claiming that the doctrine of laches bars Chalmers' claims. Chalmers responds that his failure to file suit earlier is neither unexcused nor unexplained since he was attempting to modify his loan with JP Morgan Chase during the redemption period.

The doctrine of laches is an equitable principle that bars recovery in circumstances in which a plaintiff's delay in seeking a judicial remedy prejudices a defendant. *Bylinski v. City of Allen Park,* 169 F.3d 1001, 1003 (6th Cir. 1999). A party invoking this equitable principle must show that the plaintiff unreasonably delayed in bringing suit and that the defendant was prejudiced by the delay. *Id.*

Defendants assert that Chalmers delayed brining the suit until after the foreclosure sale occurred and that JP Morgan Chase was prejudiced because it relied upon the validity of the sale when it transferred its title interest to FNMA. Chalmers asserts that he was attempting to modify his loan with JP Morgan Chase during the redemption period. He presumed mortgage companies and the courts would prefer homeowners attempt to reach an agreement regarding the mortgage rather than involving the courts in foreclosure proceedings. Chalmers argues that JP Morgan Chase and the other Defendants are not in a worse condition since he was still in possession and is still in possession of the property. It is Chalmers who stands to lose his home.

The Court finds that Chalmers did not unreasonably delay in brining the suit in light of his allegations in the Complaint that he was attempting to resolve the payment issue with JP Morgan

Chase.  Chalmers also alleges  JP Morgan Chase refused to accept his payments and that it was JP Morgan Chase's misrepresentations which caused the foreclosure proceedings.  Defendants are not prejudiced by the delay since Chalmers alone has been in possession of the property at issue.  Defendants have not argued that the statute of limitations has run as to Chalmers' breach of contract and misrepresentation claims.  Defendants' Motion to Dismiss based on the laches doctrine should be denied.

### D.     Collateral Attack

Defendants argue that the instant suit is barred by the doctrine of *res judicata.*  Chalmers argues that his claims are not a collateral attack on the district court's judgment of possession since he seeks money damages as well as reversal of the foreclosure sale.

In its modern form, the doctrine of *res judicata* involves both "claim preclusion" and "issue preclusion."  See *Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984).  Claim preclusion involves three elements: 1) there must be a final judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved.  *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978).  *Res judicata* requires that a plaintiff initially raise all claims in prior suits and therefore bars those claims from being litigated at some future time.  See *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).

In the district court judgment of possession, there is no dispute that there exists a final judgment on the merits.  As to whether the same claims were involved, the claims in this case allege breach of contract and misrepresentation claims.  The claim involved in the judgment of possession

involved the foreclosure proceedings and the redemption period expiration, which, as Chalmers asserts in his response, he is not challenging. Chalmers asserts he is seeking money damages and that the injunctive relief requested is to stay the judgment of possession until his claims of breach of contract and misrepresentations are resolved. The Court finds that based on Chalmers' allegations in his Complaint and arguments in his response to the motion, *res judicata* is not applicable as to his breach of contract and misrepresentation claims. Chalmers does not challenge the foreclosure proceedings.

### E. Fraud (Counts II and III)

#### 1. Rule 9(b)

Defendants argue that Chalmers failed to plead his fraud claims with specificity. Chalmers responds that he is not claiming the fraud claims which require a more demanding notice pleading under Rule 9(b), but that he is alleging misrepresentation claims under Michigan law, which do not require such stringent pleading requirements.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). In Michigan, a claim for innocent misrepresentation is shown where a party detrimentally relies on a false representation in such a manner that the injury inures to the benefit of the party making the misrepresentation. *Roberts v. Saffell,* 280 Mich. App. 397, 404 (2008). It is unnecessary to prove that the party making the representation had knowledge that it was false. *Id.* There must be privity of contract between the party making the representation and the party claiming to have detrimentally relied on it. *Id.*

9

Innocent misrepresentation is different from fraudulent misrepresentation in that in a common law fraud action, the plaintiff must establish that the defendant knowingly or recklessly misrepresent a material fact with the intent that the other party rely on it. *Id.* As to silent fraud, a plaintiff must prove the defendant knew of a material fact but concealed or suppressed the truth through false or misleading statements or actions with the intent to deceive. *Id.* at 405.

Chalmers claims that JP Morgan Chase instructed him not to communicate with Trott & Trott and that he detrimentally relied on the representation and that such fact was material. Because Chalmers claims that he is not seeking to enforce any type of promise, but to hold Defendants responsible for the misrepresentation that he not contact Trott & Trott (but to continue to contact the "Chase Fulfillment Center") Chalmers asserts that he has stated an innocent misrepresentation and silent fraud claim.

Based on Chalmers' representation that he is not claiming a common law fraud claim, but is alleging innocent misrepresentation and silent fraud claims in his Complaint. Chalmers has not specifically stated when and who told him not to contact Trott & Trott. The Sixth Circuit has held that claims, including innocent misrepresentation and silent fraud claims under Michigan law must meet the particularity requirements under Rule 9(b). *Smith v. Bank of America, Corp.,* 2012 WL 2301645 (6th Cir. Jun. 8, 2012)(unpublished). The Court will allow Chalmers to amend his Complaint to allege sufficient facts to support the claims in Counts II and III, the misrepresentation and fraud claims, as required under Rule 9(b).

### 2. Statute of Frauds

Defendants move to dismiss the fraud-based claims asserting that any promise by Defendants that they would not foreclose on the property must be in writing as required under the statute of

frauds. Chalmers responds that he is not seeking to enforce any type of promise, but to hold Defendants responsible for the misrepresentation that he not contact Trott & Trott, but continue to contact the "Chase Fulfillment Center." Based on Chalmers' representation that he is not relying on any promises by Defendants that they would not foreclose on his home and that he is merely seeking damages for their misrepresentations, the Court finds that the statute of frauds is not implicated. The motion to dismiss must be denied based on the statute of frauds argument.

### F. Breach of Contract (Count I)

Defendants move to dismiss arguing that Chalmers failed to state a breach of contract claim but not identifying the contract at issue. In response, Chalmers argues that there is no confusion that he alleges that Defendants breached the note and mortgage between the parties by failing to accept his payments he submitted in full.

The elements of a breach of contract claim under Michigan law are: 1) the existence of a contract between the parties; 2) the terms of the contract require performance of certain actions; 3) a party breached the contract; and 4) the breach caused the other party injury. *Webster v. Edward D. Jones & Co., L.P.,* 197 F.3d 815, 819 (6th Cir. 1999). Defendants' only argument in its motion is that Chalmers does not identify the contract between the parties. Since Chalmers in his response indicated the contract at issue is the Note and Mortgage, which he attached to his Complaint, the motion to dismiss must be denied. Chalmers asserts that JP Morgan Chase's failure to accept his payments in full caused Chalmers injury. Defendants argue that Chalmers was in "default" as defined in the Note and that JP Morgan Chase had the authority to foreclose in his mortgage. However, the Note also provides that the "Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." (Note,

¶ 6) Chalmers asserts that he provided the full amount he was required to pay, yet JP Morgan Chase refused to accept the amount. The motion to dismiss based on the breach of contract claim must be denied.

### G. Injunctive Relief (Count IV)

Defendants seek to dismiss the Injunctive Relief count because the 19th District Court has already issued a Judgment of Possession. In response, Chalmers argues that he is likely to prevail on a preliminary injunction in this case.

The Injunctive Relief Count is not a claim or cause of action, but rather a request for relief. As Chalmers argues in his response, in this "count" he is seeking preliminary injunction. Rule 65, E.D. Mich. LR 65.1 governs any preliminary injunction motion. LR 65.1 states that such motions must brought in "a separate motion." E.D. Mich. LR 65.1. The CM/ECF policies and procedures state that "a complaint must not be combined with a motion for preliminary relief." R5, Elec. Filing Pol. & Proc. However, given that Chalmers did not file the Complaint originally with this Court, but that it was removed by Defendants, the Court will not strike the Complaint. The Court will not consider Count IV as a claim or cause of action. Defendants' Motion to Dismiss Count IV as a claim is granted, but denied as a relief to be sought by Chalmers, by way of a motion, if he so chooses.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss **(Doc. No. 7)** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the breach of contract claim remains in Count I. As to

Counts II and III, the misrepresentation and silent fraud claims, Plaintiff may amend these claims to allege facts with particularity as required under Rule 9(b) by the date set forth in the Scheduling Order. If Plaintiff does not amend the Complaint, Counts II and III are deemed DISMISSED. Count IV, the injunctive relief claim is DISMISSED as a "claim or cause of action," but will be considered as a relief requested by Plaintiff.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 11, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager